UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NATASHA BUDHRAM,

                               Plaintiff,

       vs.

COHEN & SLAMOWITZ, LLP and MIDLAND
FUNDING, INC.,

                          Defendant.

**ANSWER**

Civil Action No.: 12 CV 0580

---

Defendant, COHEN & SLAMOWITZ, LLP, by and through its attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., hereby answers plaintiff's Complaint as follows:

1. Paragraph "1" of plaintiff's Complaint contains plaintiff's characterizations of her claims. No response is required.

2. **ADMITS** the allegations contained in paragraph "2" of plaintiff's Complaint.

3. **ADMITS** the allegations contained in paragraph "3" of plaintiff's Complaint.

4. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of plaintiff's Complaint.

5. **ADMITS** the allegations contained in paragraph "5" of plaintiff's Complaint.

6.     **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of plaintiff's Complaint.

7.     **ADMITS** the allegations contained in paragraph "7" of plaintiff's Complaint insofar as the allegations pertain to the answering defendant.

8.     Paragraph "8" of plaintiff's Complaint contains legal conclusions.  No response is required.  To the extent a response is required, defendant **DENIES** the allegations in paragraph "8."

9.     Paragraph "9" of plaintiff's Complaint contains legal conclusions.  No response is required.  To the extent a response is required, defendant defers to the Court on questions of law, including the existence of an agency relationship between co-defendants.

10.     Paragraph "10" of plaintiff's Complaint contains legal conclusions.  No response is required.  To the extent a response is required, defendant defers to the Court on questions of law, including whether employees were acting with apparent authority.

11.     Paragraph "11" of plaintiff's Complaint contains plaintiff's characterization of terms used in her Complaint, no response is required.

12.     **ADMITS** the allegations contained in paragraph "12" of plaintiff's Complaint.

13.     **ADMITS** the allegations contained in paragraph "13" of plaintiff's Complaint.

14.     **ADMITS** the allegations contained in paragraph "14" of plaintiff's Complaint.

15.     **ADMITS** the allegations contained in paragraph "15" of plaintiff's Complaint.

16.     **ADMITS** the allegations contained in paragraph "16" of plaintiff's Complaint.

17.     **ADMITS** the allegations contained in paragraph "17" of plaintiff's Complaint insofar as the allegations pertain to the answering defendant.

18.     **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of plaintiff's Complaint.

19.     **DENIES** the allegations contained in paragraph "19" of plaintiff's Complaint.

20.     Paragraph "20" of plaintiff's Complaint contains plaintiff's interpretation of a statute.   No response is required.   The defendant defers to the Court on the interpretation of statutes.

21.     **DENIES** the allegations contained in paragraph "21" of plaintiff's Complaint.

22.     **DENIES** the allegations contained in paragraph "22" of plaintiff's Complaint.

23. **REPEATS and REALLEGES** the admissions and denials as set forth hereinabove contained in paragraphs"1" through "22" of plaintiff's Complaint.

24. **DENIES** the allegations contained in paragraph "24" of plaintiff's Complaint.

25. Paragraph "25" of plaintiff's Complaint contains legal conclusions. No response is required. To the extent a response is required, defendant **DENIES** that it violated the FDCPA, thus rendering moot any claim of liability against co-defendant via an agency relationship, if one existed.

26. **DENIES** the allegations contained in paragraph "26" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. That this action was not commenced against defendant until after the expiration of the time period specified in the applicable statute of limitations and any recovery based on the alleged causes of action herein is barred.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. That whatever damages may have been sustained at the time and place alleged in the complaint by plaintiff(s) were caused, in whole or in part, by the culpable conduct of the plaintiff(s) and must be reduced proportionally to the culpable conduct of the plaintiff(s).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29.     That the equitable share of liability, if any, of defendants, shall be determined pursuant to the provisions of Articles 14 and 16 of the CPLR.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30.     That one or more causes of action in the complaint fail to state a cause of action upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31.     Plaintiff has failed to mitigate her alleged damages claimed herein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32.     That plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33.     Defendant did not violate any provision of the FDCPA.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

34.     To the extent that a violation of 15 U.S.C. §1692 may later be determined to have occurred, such violation was not intentional and resulted from a bona fide error notwithstanding reasonable procedures adopted to avoid any such error.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35.     Any damages claimed are barred and/or circumscribed by 15 U.S.C. §1692(k)

**WHEREFORE,** defendant, COHEN & SLAMOWITZ, LLP, demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated:   August 28, 2012          **SMITH, SOVIK, KENDRICK & SUGNET, P.C.**

By: _____
          Daniel R. Ryan, Esq.
          (Bar No.:  WD0017127)
          Attorneys for Defendant, Cohen &
          Slamowitz, LLP
          250 South Clinton Street, Suite 600
          Syracuse, New York 13202
          Telephone:  (315) 474-2911

TO:    Seth J. Andrews, Esq.
        LAW OFFICES OF KENNETH HILLER,  LLC
        Attorneys for Plaintiff
        6000 North Bailey Ave., Suite 1A
        Amherst, New York 14226
        (716) 564-3288