UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| NATASHA BUDHRAM, | Civil Action No. 12 CV 00580 (RJA) |
|---|---|
| Plaintiff, | |
| vs. | ANSWER OF MIDLAND FUNDING, LLC |
| COHEN & SLAMOWITZ, LLP and MIDLAND FUNDING, LLC, | August 28, 2012 |
| Defendants. | |

Answering Defendant, MIDLAND FUNDING, LLC (hereinafter "Midland Funding") by its attorneys Wilson, Elser, Moskowitz, Edelman and Dicker, for its Answer to the Complaint ("Complaint") of plaintiff Natasha Budhram (hereinafter "Budhram" or "Plaintiff"), states as follows:

## I. INTRODUCTION

1. Midland Funding admits that the plaintiff's action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S. C. §§ 1692 *et seq* ("FDCPA"). Midland Funding denies that it is liable to the plaintiff under any of the asserted causes of action.

## II. JURISDICTION AND VENUE

2. Midland Funding does not respond to the allegations contained in paragraph 2 relative to jurisdiction as these allegations are conclusions of law for which no response is required.

3. Midland Funding does not respond to the allegations contained in paragraph 4 relative to venue as these allegations are conclusions of law for which no response is required.

## III. PARTIES

4. Midland Funding denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5175084v.1

5. Midland Funding denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Midland Funding admits that it is organized under the laws of the State of Delaware, and that as part of its business practice, it purchases debts; Midland Funding denies the remaining allegations contained in paragraph 6

7. Midland Funding denies the allegations contained in paragraph 7.

8. Midland Funding denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Midland Funding denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Midland Funding denies the allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 do not require a response from Midland Funding

### IV.   FACTUAL ALLEGATIONS

12. Midland Funding admits, upon information and belief, that Plaintiff incurred a debt to Bank of America, as alleged in paragraph 12.

13. An answer to paragraph 13 is not required as questions of law are reserved for determination by the Court.

14. Midland Funding denies the allegations contained in paragraph 14.

15. Midland Funding admits the allegations contained in paragraph 15.

16. Midland Funding denies the allegations contained in paragraph 16.

17. Midland Funding denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

5175084v.1

18. Midland Funding denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. To the extent that paragraph 19 seeks an answer on questions of law, which are reserved for determination by the Court, an Answer is not required. Midland Funding denies any allegation of wrongdoing contained within paragraph 19.

20. An answer to paragraph 20 is not required as questions of law are reserved for determination by the Court.

21. To the extent that paragraph 21 seeks an answer on questions of law, which are reserved for determination by the Court, an Answer is not required. Midland Funding denies any allegation of wrongdoing contained within paragraph 21, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 21.

22. Midland Funding denies the allegations contained in paragraph 22.

## CAUSE OF ACTION

23. Midland Funding incorporates by reference its responses to paragraphs 1 through 22 of the Complaint as if set forth fully herein.

24. Midland Funding denies the allegations contained in paragraph 24.

25. Midland Funding denies the allegations contained in paragraph 25.

26. Midland Funding denies the allegations contained in paragraph 26.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to set forth a cause of action for which relief may be granted.

2. Plaintiff has failed to sustain any actual damage in this case.

5175084v.1

3. Pursuant to 15 USC § 1692k, this action has been brought in bad faith and for the purpose of harassment. As such the court should award attorney's fees reasonable in relation to the work expended and costs to the Defendant.

4. If the plaintiff sustains her burden of proof as to any violation of the law on the part of Midland Funding, which alleged violations Midland Funding denies, any such violation was the result of a bona fide error.

5. As discovery is ongoing, Midland Funding reserves the right to assert additional affirmative defenses as the evidence may support.

## JURY DEMAND

Midland Funding hereby requests a trial by jury on all issues which are so triable.

Dated: New York, New York
August 28, 2012

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

_____
Thomas A. Leghorn, Esq.
*Attorneys for Defendant*
*Midland Funding, LLC*
150 East 42nd Street
New York, NY 10017
Tel: 212-915-5234
Our File No. 10277.00201
Thomas.Leghorn@wilsonelser.com

TO: Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PPLC
*Attorneys for Plaintiff*
*Natasha Budhram*
6000 North Bailey Avenue, Suite 1A
Amherst, NY 14226
Tel: 716-564-3288
khiller@kennethhiller.com

5175084v.1

sandrews@kennethhiller.com

Daniel R. Ryan
Smith, Sovik, Kendrick & Sugnet, P.C.
*Attorneys for Defendant*
*Cohen & Slamowitz*
250 S. Clinton Street
Suite 600
Syracuse, NY 13202
Tel: 315-474-2911
dryan@smithsovik.com

5175084v.1